PHILIP N. JACKSON

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF
NEWARK.

1. On a bill filed by a taxpayer for injunction to restrain the city of Newark
from constructing a disinfecting station and sterilizing plant on lands owned
by the city in an adjoining township, and from awarding any contract for
such construction—*Held*, that the complainant's remedy against the city is
by *certiorari;* and inasmuch as the pecuniary interest of the complainant as
a taxpayer—the sole basis of his equitable standing—is insignificant in com-
parison with the protection of the health of the city, a court of equity should
leave him to his legal remedy.

2. The supreme court, in exercising its jurisdiction, acts on rules and prin-
ciples, equitable as well as legal, specially applicable to the review of munici-
pal proceedings and adopted and enforced with special reference to a preserva-
tion of the rights of municipalities as well as of taxpayers.

3. Where the object of the writ of *certiorari* is to review municipal action,
especially if that action is said to be beyond the corporate power, the writ
may issue while yet the final step that completes the injury is but threatened.

On bill for injunction and demurrer.

*Mr. J. Frank Fort,* for the complainant.

*Mr. Sherrerd Depue,* for the demurrant.

EMERY, V. C.

The complainant in this case files a bill to restrain the city of
Newark from constructing a disinfecting station and sterilizing
plant on lands owned by the city in the township of Clinton,
which adjoins the city, and from awarding any contract for such
construction until the further order of this court. No further
relief of any kind is prayed for in the bill. The defendant de-
murs for want of equity, and because the complainant has a
remedy at law. The complainant's bill bases his right to this
equitable relief solely on his status as a taxpayer of the city, and

the proceedings of the city authorities, which, as he claims, invade his rights, are stated in the bill to be the purchase of lands outside the city limits for the purpose of making such erections, without express statutory authority, and also the proceedings of the public buildings committee of the common council in adopting plans for these erections upon the lands and advertising for bids for the same.

The bill alleges that the common council, by resolution dated August 17th, 1894, created a fund known as the special building account, to be used for the purchase of land and the erection of buildings for the care and abatement of infectious diseases, but that the resolution gave no further directions in reference to the selection or purchase of the land. The land was selected under the authority of the public buildings committee, August 31st, 1894, on the recommendation of the board of health, and the buildings committee selected a tract containing twenty-four acres in the township of Clinton, Essex county. By resolution of this committee of the same date, the chairman of the committee, the chairman of the board of health committee, the mayor of the city, and the city counsel were empowered to take all necessary steps for the purchase of the property selected and its conveyance to the city. In pursuance of this action of the public buildings committee, the city received a deed for these lands on September 10th, 1894, for the consideration of $15,000, which deed was recorded on September 11th, 1894. The public buildings committee, on November 23d, 1894, commenced consideration of the plans for the disinfecting station and sterilizing plant to be erected on the lands, and the complainant's bill was filed on December 11th, 1894.

The bill challenges the legality of the purchase of the land outside of the city for the purposes mentioned, and also challenges the acts of the building committee in proceeding to erect buildings thereon, as beyond the authority of the resolution of the common council, which did not expressly authorize the purchase of lands outside of the city limits.

Upon the filing of the bill, an application for a preliminary injunction was made to the late Vice-Chancellor Van Fleet upon

bill and affidavits, and the application was heard by him upon these and the answering affidavits, filed by the defendant. The preliminary injunction was denied, one ground being that for the wrong complained of, the complainant's remedy for relief against the city was by *certiorari*, and inasmuch as the pecuniary interest of the complainant as a taxpayer, the sole basis of his equitable standing, was insignificant in comparison with the protection of the health of the city, a court of equity would leave him to his legal remedy. The opinion on this ground reaches to the whole equity of the complainant's bill, and as the question was directly involved in the application, I consider myself bound by this decision as to the complainant's rights under this bill. Moreover, in this decision of the learned vice-chancellor, I fully concur. The jurisdiction of the supreme court, on the application of a taxpayer, to review the proceedings of municipal officers, is so well established and so constantly exercised that it has passed beyond the necessity of citation of authority to support it. In exercising its jurisdiction, it has long since established and acted on a series of rules and principles, equitable as well as legal, specially applicable to the review of municipal proceedings, and adopted and enforced with special reference to a preservation of the rights of municipalities as well as of taxpayers. Its action on such review by *certiorari* is in the name of the state, and reaches directly to the proceedings themselves, which it adjudicates upon by a judgment validating them or making them void. No such result could be reached in equity by a decree on the personal bill of an individual complainant. This general rule as to the review of municipal proceedings was not denied at the argument, but it was contended that under the supreme court practice, only the resolutions of the common council could be taken up, and not the proceedings of the buildings committee after the resolution, which were claimed to be merely ministerial. It was said that no fault could be found with the resolutions of the common council, which did not appear to contemplate the purchase of land beyond the city limits, but that the real complaint was the action of the building committee in assuming that the resolution of the common council authorized such purchase .

Jackson v. Newark.

and in proceeding to act upon this construction. It was also suggested that this view of the complainant's case was not urged upon the motion for preliminary injunction, and should now be considered and weighed on the hearing of the demurrer.

The bill does expressly attack the validity of the purchase made by the city, and the authority of the common council to make it, but I have considered the suggestion as to the review of the proceedings of the buildings committee by the supreme court, and, in my judgment, there is no support for the contention that the action of this committee, when it proceeds as far as an actual contract, binding the city, or perhaps before (see *State, Hoxey, pros.,* v. *Paterson, 10 Vr. 489, 493*), may not be subject to review upon *certiorari,* if the supreme court, under its rules which govern such application, chooses to allow the writ to issue. The contracts of municipal bodies are constantly made the subject of review under *certiorari* proceedings, and in the latest case, *Brady* v. *City of Bayonne, 30 Atl. Rep. 968,* not only was the resolution of a municipality taken up by *certiorari,* but also a contract professedly made under authority of the resolution, and the contract was attacked upon grounds which, if sustained, would have set aside the contract while allowing the resolution to stand.

In my judgment there is no reason for questioning the correctness or the application of the principle declared as the law in this case, by the late vice-chancellor, that the complainant's remedy, if it exist at all, must be sought at law, and I shall therefore advise that the demurrer be sustained, with costs.